FILED

2019 DEC -9 PM 2:24

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.   Case No. 2:19-cv-871-FtM-38NPM

APPROXIMATELY $50,050 IN
UNITED STATES CURRENCY,

    Defendant.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint and alleges upon information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

## NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit to the United States of America, pursuant to 21 U.S.C. § 881(a)(6), approximately $50,050 in United States currency seized by law enforcement officers from Jason Kareen Brown (Defendant Funds).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345, and over an

action for forfeiture by virtue of 28 U.S.C. § 1355.

3. This Court has *in rem* jurisdiction over the Defendant Funds pursuant to:

a. 28 U.S.C. § 1355(b)(1)(A), because pertinent acts or omissions giving rise to the forfeiture occurred in the Middle District of Florida; and

b. 28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395.

4. Venue is proper in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT *IN REM*

5. The Defendant Funds consist of approximately $50,050 in United States currency that was seized from Jason Kareen Brown on June 24, 2019 at the Southwest Florida International Airport by law enforcement officers who determined that there was probable cause to believe that the Defendant Funds constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled

2

Substances Act.

6. Homeland Security Investigations (HSI) took custody of the Defendant Funds, and the funds remain in the custody of the United States. As set forth in Supp'l Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Funds if they are in the government's possession, custody, or control.

## BASIS FOR FORFEITURE

7. The Defendant Funds are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because they constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. The facts and circumstances supporting the forfeiture of the Defendant Funds have been provided by U.S. Department of Homeland Security Task Force Officer Francisco J. Barrios, who states as follows.

9. On or about August 11, 1994, Jason Kareen Brown delivered cocaine in Orange County, Florida. As a result, Brown was arrested, charged, and adjudicated guilty of delivering cocaine in violation of the Florida

Comprehensive Drug Abuse Prevention and Control Act (case number CR-0-94-9273).

10. In September of 1994, Jason Kareen Brown delivered cocaine in Orange County, Florida. As a result, Brown was arrested, charged, and adjudicated guilty of delivering cocaine in violation of the Florida Comprehensive Drug Abuse Prevention and Control Act (case number CR94-10625).

11. On or about November 12, 1998, Brown possessed cocaine in Broward County, Florida. As a result, Brown was arrested, charged, and adjudicated guilty of violating the Florida Comprehensive Drug Abuse Prevention and Control Act.

12. From at least January 1996 through November 2000 (when he was indicted by a federal grand jury), Brown conspired with others to possess with intent to distribute 1000 grams or more of heroin, 5 kilograms or more of cocaine, and 50 grams or more of cocaine base (crack cocaine). In furtherance of the conspiracy, Brown sold controlled substances on the following occasions:

    a. On April 28, 2000, Brown sold 40 bags of heroin (weighing a total of 5.8 grams) to an undercover Lee County Sheriff's Office deputy at the Miromar Outlet Mall parking lot, in Estero, Florida.

b. On May 5, 2000, members of the Collier County Sheriff's Office stopped a vehicle Brown was driving. Brown consented to a search of the vehicle. Deputies searched the vehicle and found 780 grams of cocaine and 55 grams of heroin (neither of which is a personal use quantity). Brown was arrested and deputies seized $1,368.00 in United States currency, which Brown was carrying.

c. On June 7, 2000, an undercover law enforcement officer purchased 2.8 grams of heroin from Brown at a Racetrac gas station in Fort Myers, Florida.

d. On June 7, 2000, an undercover law enforcement officer purchased 29 bags of heroin (weighing a total of 7.6 grams) from Brown in Fort Myers, Florida.

e. June 20, 2000, an undercover law enforcement officer purchased 21 bags of heroin (weighing a total of 4.2 grams) from Brown in Fort Myers, Florida.

f. June 20, 2000, an undercover law enforcement officer purchased 48 bags of heroin (weighing a total of 9.5 grams) from Brown in Fort Myers, Florida.

13. On November 16, 2000, Brown was indicted by a federal grand jury for, among other things, conspiring to possess with intent to distribute 1000 grams or more of heroin, 5 kilograms or more of cocaine, and 50 grams or more of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 846 (the Federal Charge).

14. On February 2, 2001, Brown pled guilty to the Federal Charge.

15. On May 9, 2001, Brown was sentenced on the Federal Charge to 235 months imprisonment (19 years, 7 months). Brown's sentence was later

reduced and Brown was released from the Federal Bureau of Prisons on or about October 22, 2010. Upon release from prison, Brown was required to serve a 5 year term of Supervised Release.

16. On June 24, 2019, Brown was ticketed to fly on an American Airlines flight from Fort Myers, Florida to Atlanta, Georgia. Brown was a resident of Stone Mountain, Georgia at the time.

17. Prior to Brown's flight, the Transportation Security Administration discovered $50,050 in United States currency (the Defendant Funds) in Brown's carry-on bag as he went through the screening process at the security checkpoint. The currency was bundled with rubber bands, wrapped in a shirt, and inside of a Nike shoe box as shown below.




18. The Defendant Funds consisted of the following denominations: 10 five-dollar bills; 45 ten-dollar bills; 1,310 twenty-dollar bills; 95 fifty-dollar bills; and 186 one hundred-dollar bills.

19. Brown agreed to speak with law enforcement officers regarding the currency.

20. Brown said that he owned a trucking company and was taking the currency to an auction to purchase two "Day Cab" trucks (a Day Cab is a semi-truck designed for "day trips" and does not include the on-the-road overnight sleeping features of a Sleeper. Day Cabs are intended to hook up to a trailer to move large loads within a day's travel or to a location the driver can sleep overnight). Brown claimed he had "been in trucking since" "'06, '07." Notably, Brown was in federal prison during those years. Brown claimed he made $2,500 per week in profit, but acknowledged that he was not paid cash. He claimed that his employers would "write [him] a check" which he said he would cash and then deposit the currency into one of his accounts at Regions Bank or Bank of America. When asked when he started his trucking business, Brown stated that he had "Brown's Transportation" since 2002, and continued operating that business until 2012 or 2013 (again, Brown was in federal prison from 2001 until 2010). Brown claimed he then started Pronto Trucking.

21. Brown said he came to Fort Myers on June 22, 2019 (2 days earlier) to get money from his mother. He said that he needed the money for an auction to be held on June 26th. Brown told agents that his mother and uncle gave him most of the money he was traveling with. Brown claimed that

7

his retired mother gave him $25,000 and his uncle gave him $10,000. Brown claimed that the rest of the money was his (although he offered no explanation as to why he would have brought the money to Fort Myers).

22. Brown said that he did not know from where his mother obtained the money.

23. A properly trained narcotics detection dog positively alerted to the presence of the odor of narcotics on the Defendant Funds. Individuals who handle controlled substances often get traces of the substances on their hands and clothing. These trace amounts of a controlled substance can easily be spread to other items the individual touches such as currency. A positive alert to U.S. currency by a properly trained dog indicates that the currency had either been handled by someone who had trace amounts of a controlled substance on their hands, or the currency had recently been in close proximity to a controlled substance. Based on the foregoing, HSI seized the currency.

24. Brown resides in Georgia. The Georgia Department of Labor, which administers the unemployment benefits program and is required to ensure that wage records are Internal Revenue Service compliant, has no reported wage records for Brown.

## CONCLUSION

25. As required by Supp'l Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the Defendant Funds constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, pursuant to Supp'l Rule G, Plaintiff United States of America respectfully requests that process of forfeiture be issued against the Defendant Funds; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that the Defendant Funds be forfeited to the United States for disposition according to law; and

that the United States have such other and further relief as this case may require.

Dated: December 10, 2019

Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: _____
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar No. 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
E-mail: james.muench2@usdoj.gov

By: _____
JULIE A. SIMONSEN
Assistant United States Attorney
Florida Bar No. 70647
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Email: julie.simonsen@usdoj.gov

## VERIFICATION

I, Francisco J. Barrios, hereby verify and declare under penalty of perjury, that I am a U.S. Department of Homeland Security Task Force Officer, and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case together with other U.S. Department of Homeland Security Special Agents and Task Force Officers.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this _6_ day of December, 2019.

                                                Francisco J. Barrios
                                                Task Force Officer
                                                U.S. Department of Homeland Security

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
$50,050 IN U.S. CURRENCY

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
AUSAs James A. Muench and Julie A. Simonsen, U.S. Attorney's Office, 400 N. Tampa Street, Ste 3200, Tampa, FL 33602, (813) 274-6000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation Transfer
☒ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a)(6)
Brief description of cause:
Government seeks forfeiture of U.S. Currency

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE: 12/09/2019
SIGNATURE OF ATTORNEY OF RECORD: s/James A. Muench and Julie A. Simonsen

**FOR OFFICE USE ONLY**

RECEIPT # No Fee   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

2:19-CV-871-FtM-38NPM